# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00096-RJC-DSC

| | |
|---|---|
| **LAURENCE PASKOWITZ,** individually and on behalf of all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**CAPITALA FINANCE CORP., JOSEPH B. ALALA, III, AND STEPHEN A. ARNALL,**<br><br>**Defendants.** | **MEMORANDUM AND RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint for Violation of the Federal Securities Laws," Doc. 56, filed August 14, 2018, "Plaintiffs' Motion to Strike Certain Exhibits to the Declaration of Bethany M. Rezek in Support of Defendants' Motion…," Doc. 60, filed September 28, 2018, "Joint Motion for Oral Argument on Defendants' Motion to Dismiss…," Doc. 65, filed October 30, 2018, and the parties' associated briefs and exhibits, Docs. 57, 58, 59, 63, 64 and 66.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned <u>denies</u> the "Joint Motion for Oral Argument on Defendants' Motion to Dismiss…," Doc. 65, <u>grants</u> "Plaintiffs' Motion to Strike Certain Exhibits to the Declaration of Bethany M. Rezek in Support of Defendants' Motion…," Doc. 60, and respectfully recommends that

"Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint for Violation of the Federal Securities Laws," Doc. 56 be <u>denied</u>, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the factual allegations of the Amended Class Action Complaint as true, Defendant Capitala Finance Corp. ("Capitala" or the "Company") lends capital to small and middle-market companies through debt and equity. Defendant Joseph B. Alala, III is Capitala's Chairman and Chief Executive Officer. Defendant Stephen A. Arnall is Capitala's Chief Financial Officer. Both have held these positions throughout the Class Period.

Capitala's investment portfolio is externally managed by Capitala Investment Advisors, LLC ("Investment Advisor"). Capitala's executive officers are part of the Investment Advisor's management team. The Investment Advisor manages Capitala's operations under the terms of an Investment Advisory Agreement ("Agreement") between Capitala and the Investment Advisor. Under the terms of the Agreement, the Company pays the Investment Advisor an annual base management fee as well as an incentive fee based upon the Company's performance.

The Class Period began on January 4, 2016, when Defendants filed a Current Report on Form 8-K with the Securities and Exchange Commission ("SEC"). In that filing Capitala announced that the Investment Advisor would waive any incentive fees the Company owed under the Agreement. The Investment Advisor used these incentive fees to compensate its professional staff.

During the Class Period from January 4, 2016 to August 7, 2017, Defendants touted the experience and qualifications of the Investment Advisor. Defendants also promoted the positive effects that the waiver of incentive fees was expected to produce for shareholders and most importantly for the sustainability of dividends. As Defendants later disclosed, the Investment Advisor's waiver of incentive fees also had deleterious effects on its ability to attract and retain

professional talent, particularly in the underwriting and portfolio management groups. Over a period of two years, from March 2015 to March 2017, the Investment Advisor's staff declined from eighteen to eleven.

In addition, Defendants warned investors that the Company's success was dependent on the Investment Advisor's ability to attract and retain qualified personnel in a competitive environment. While cautioning the market about the existence of such hypothetical risks to the Company's business prospects, Defendants misled investors by failing to disclose that such risks had already materialized, resulting in the Company's failure to staff its underwriting and portfolio management divisions with sufficient numbers of qualified personnel. From the first to second quarter of fiscal year 2017, the Company's number of non-accruals doubled.

After the close of the market on August 7, 2017, Capitala revealed that six of its investments were on non-accrual status- twice as many as it had in the previous quarter. During an earnings conference call the following day, Capitala revealed that the Investment Advisor had been losing professional talent in its underwriting and portfolio management divisions since waiving its incentive fees in 2015, resulting in an increasing number of non-accrual investments for the Company. Following this disclosure, investors sent the Company's stock price plummeting. Over the next three trading days, Capitala's shares fell approximately 30 per cent to close at $8.99 per share on August 10, 2017

As a result of Defendants' wrongful acts and omissions, as well as the precipitous decline in the market value of the Company's securities, Plaintiffs and other Class members suffered significant losses. Plaintiffs filed this federal securities class action on behalf of a Class comprising all persons and entities, other than Defendants and their affiliates, who purchased or otherwise acquired the publicly traded securities of Capitala from January 4, 2016 through August 7, 2017.

Plaintiffs seek to recover damages caused by Defendants' violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## II. DISCUSSION

### A. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). The court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Id. Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quotation omitted).

The Private Securities Litigation Reform Act of 1995 ("PSLRA") "imposes a heightened pleading standard on fraud allegations in private securities complaints" Yates v. Mun. Mortg. & Equity. LLC, 744 F.3d 874, 885 (4th Cir. 2014). Under the PSLRA, plaintiffs must make specific allegations of false or misleading statements or face dismissal. See 15 U.S.C. § 78u–4(b)(1); Cozzarelli v. Inspire Pharm. Inc., 549 F.3d 618, 623 (4th Cir. 2008). A complaint must include "each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and if an allegation regarding the statement or omission is made on information and

belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1)(B). Where a plaintiff alleges that a defendant's statements omitted material information, the plaintiff must identify an omitted fact and identify how omitting that fact rendered the statements misleading. See Ottmann v. Hanger Orthopedic Grp., Inc., 353 F.3d 338, 342–43 (4th Cir. 2003); Longman v. Food Lion, Inc., 197 F.3d 675, 682 (4th Cir. 1999). The plaintiff must plead these elements with specificity. See Cozzarelli, 549 F.3d at 625; Teachers' Ret. Sys. of La. v. Hunter, 477 F.3d 162, 172–75 (4th Cir. 2007); Nolte v. Capital One Fin. Corp., 390 F.3d 311, 315–17 (4th Cir. 2004). The Fourth Circuit has noted that sufficiently pleading these elements is "demanding." Cozzarelli, 549 F.3d at 623.

### B. Plaintiffs' Motion to Strike Certain Exhibits to the Declaration of Bethany M. Rezek

Before considering Defendants' Motion to Dismiss, the Court must determine which documents it will consider at this stage of the proceedings. The Federal Rules of Civil Procedure as well as Supreme Court and Fourth Circuit precedent bind this Court to consider only the allegations of the Amended Class Action Complaint and the "documents attached or incorporated into the complaint." Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606 (4th Cir. 2015). As a result, consideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Such conversion is inappropriate when the parties have not had an opportunity to conduct reasonable discovery. Id.; see Fed.R.Civ.P. 12(b), 12(d), and 56. Courts must focus their inquiry on the sufficiency of the facts relied upon by the plaintiffs in the complaint. Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). Consideration of a document attached to a motion to dismiss is allowed only when it is "integral to and explicitly relied on in the complaint" and when

"the plaintiffs do not challenge [the document's] authenticity." Id. (internal quotations omitted); see Cozzarelli, 549 F.3d at 625 (court considered investment analyst reports attached to defendants' motion to dismiss because the complaint quoted from those reports and plaintiffs did not challenge their authenticity).

There is a narrow exception to this rule "under which courts are permitted to consider facts and documents subject to judicial notice without converting the motion to dismiss into one for summary judgment." Zak, 780 F.3d at 607. Under Federal Rule of Evidence 201, courts may judicially notice a fact that is not subject to reasonable dispute, so long as the fact is "generally known within the court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Id. Nevertheless, when a court considers relevant facts from the public record at the pleading stage, it must construe such facts in the light most favorable to the plaintiffs. Id. Whether a fact is properly considered under this exception depends on the manner in which the court uses this information. Id. (holding that district court improperly considered contents of a public record as an established fact and as evidence contradicting the complaint).

In Plaintiffs' Motion to Strike, they argue that Exhibit 4 to the Rezek Declaration, a purported transcript from a Capitala earnings call hosted by Defendants in March 2016; Exhibit 10, slides from Defendants' investor presentation; Exhibit 11, Capitala's 2017 10-K; and Exhibit 12, a chart of statements challenged in the Amended Class Action Complaint should be stricken and not considered by the Court in ruling on Defendants' Motion to Dismiss. They argue that these Exhibits are not (1) attached to or incorporated into the Amended Class Action Complaint, (2) generally known within this Court's territorial jurisdiction, or (3) the type of documents whose

authenticity and accuracy cannot reasonably be questioned and thus not properly the subjects of judicial notice.

The Court agrees with Plaintiffs that consideration of these Exhibits at this stage in the litigation is premature and declines to take judicial notice of Defendants' Exhibits 4, 10 and 11. With regard to Exhibit 12, Defendants argue that it was submitted solely for illustrative purposes in assisting the Court. Likewise, the Court will not consider Exhibit 12. Consequently, the Court will grant Plaintiffs' Motion to Strike Defendants' Exhibits 4, 10, 11 and 12.

### C. Joint Motion for Oral Argument

The Court has considered the parties' Motion for oral argument on Defendants' Motion to Dismiss and finds that the record, the parties' positions and the applicable authority are adequately presented in the briefs and argument would not aid the decisional process. Accordingly, the Court will deny the Motion.

### D. Defendants' Motion to Dismiss

Plaintiffs allege that Defendants violated Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the SEC.

The Exchange Act and related regulations ensure that public companies release information allowing "investors to make informed investment decisions." Yates v. Mun. Mortg. & Equity, LLC, 744 F.3d 874, 884 (4th Cir. 2014) (citing Taylor v. First Union Corp. of S.C., 857 F.2d 240, 246 (4th Cir.1988)). Section 10(b) of the Securities Exchange Act forbids the "use or employ, in connection with the purchase or sale of any security ..., [of] any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b). SEC Rule 10b–5 implements section 10(b) by declaring it unlawful:

(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made ... not misleading, or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b–5.

To succeed on a Section 10(b) claim, a plaintiff must prove six elements: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." Stoneridge Inv. Partners, LLC v. Sci.–Atlanta, 552 U.S. 148, 157 (2008). To demonstrate scienter, a plaintiff must show that the defendant acted with "a mental state embracing intent to deceive, manipulate, or defraud." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 319 (2007) (citation omitted).

Section 20(a) of the Exchange Act "assigns joint and several liability to a person who controls another who violates a securities regulation." Hunter, 477 F.3d at 168. Section 20(a) "provides a private right of action against one who engaged in insider trading." Id. at 188. Claims under Sections 20(a) and 20A are derivative of claims under Section 10(b) and Rule 10b–5. See Cozzarelli, 549 F.3d at 628; Hunter, 477 F.3d at 169.

Defendants argue that Plaintiffs fail to plead particularized facts showing that the challenged statements were false or misleading when made as required by Rule 9(b) of the Federal Rule of Civil Procedure and 15 U.S.C. § 78u-4(b)(1). Defendants also argue that some of the challenged statements are protected by the PSLRA's safe harbor for forward looking statements, as provided by 15 U.S.C. § 78u-5(c)(1). Defendants argue that Plaintiffs fail to plead particularized

facts giving rise to a "strong inference" that any Defendant acted with the "required state of mind," as required by 15 U.S.C. § 78u-4(b)(2). Defendants conclude with arguments that Plaintiffs' claims under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against Defendants Alala and Arnall must be dismissed for failure to plead a viable primary violation of the Exchange Act.

In response, Plaintiffs contend that once Defendants chose to tout the strength and qualifications of the Investment Advisor's "investment team" and the supposed benefits of the fee waiver, they were bound to do so in a manner that would not mislead investors. Therefore, Defendants' omission of the facts that 1) the Company was losing investment professionals in the underwriting and portfolio management divisions and 2) the departure of such a relatively large number of investment personnel had compromised the Investment Advisor's ability to manage the Company's investments, disabled investors from assessing the risk to the Company's portfolio. In addition, Plaintiffs argue that Defendants' warning to investors that the Company's success depended upon the Investment Advisor's retention of staff was misleading in the absence of any disclosure that, at the time such warning was issued, the Investment Advisor was actually losing or had already lost personnel from underwriting and portfolio management, thereby compromising its ability to manage the Company's investments. Plaintiffs contend that Defendants' claim of protections under the PSLRA's safe harbor for forward-looking statements does not apply because the cautionary language itself was misleading and the hypothetical risks had already materialized.

In response to Defendants' scienter argument, Plaintiffs contend that in light of Defendants' warning to investors that the Company's success depended upon the Investment Advisor's retention of qualified persons and Defendants' recognition that the Investment Advisor needed sufficient personnel in underwriting and portfolio management to operate effectively, the

departure of almost forty percent of the Investment Advisor's staff was so obvious that Defendants had to be aware of its implications for the Company's prospects.

The Court cannot conclude from the pleadings that Plaintiffs have failed to state causes of action under Rule 12(b)(6) or 9(b), or the PSLRA. Defendants' arguments are more properly addressed at summary judgment following completion of discovery. Consequently, the undersigned respectfully recommends that Defendants' Motion to Dismiss be denied.

## IV. ORDER

**FOR THE FOREGOING REASONS,** the "Joint Motion for Oral Argument on Defendants' Motion to Dismiss…," Doc. 65, is **DENIED** and "Plaintiffs' Motion to Strike Certain Exhibits to the Declaration of Bethany M. Rezek in Support of Defendant's Motion…," Doc. 60, is **GRANTED**.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint for Violation of the Federal Securities Laws," Doc. 56 be **DENIED**.

## VI. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising

such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: January 7, 2019

_____
David S. Cayer
United States Magistrate Judge